# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ANTHONY J. DOBBINS,** | ) |
| Plaintiff, | ) |
| | ) Case No. 7:20CV00556 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Amy Hansen Geddes*, OPN LAW, PLC, Roanoke, Virginia, for Plaintiff; *Theresa A. Casey*, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.

In this social security disability case, I accept the Report and Recommendation ("Report") of the magistrate judge.

Anthony J. Dobbins challenges the final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to Magistrate Judge Robert S. Ballou to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Ballou filed his 18-page Report on December 8, 2021, in which he recommended that the court affirm the Commissioner's decision denying benefits. On December 22, 2021, the

plaintiff filed objections to the Report. The defendant filed a response to the objections on January 5, 2022. The objections are now ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed. *Id*.

In his objections to the Report, the plaintiff makes essentially three arguments: that the magistrate judge erred (1) by finding substantial evidence supports the conclusions by the administrative law judge ("ALJ") about his mental limitations; (2) by determining that the ALJ properly analyzed his physical limitations; and (3) by concluding that the ALJ properly discounted Dobbins' subjective claims about his symptoms and the third-party reports.

*A. Mental Impairments.*

Regarding the assessment of his mental impairments, the plaintiff objects specifically to following aspects of the Report:

(1)   Its conclusion that substantial evidence supports the ALJ's conclusion that Dobbins retained the residual functional capacity ("RFC") to perform the basic mental demands of sedentary work with specific accommodations, despite moderate limitations in concentration, persistence, or pace;

(2)   Its conclusion that this case is distinguishable from *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015);

(3)   Its conclusion that the ALJ provided an adequate explanation of the mental RFC determination in narrative form, as required by Social Security Ruling ("SSR") 96-8p, with specific references to medical records and opinions;

(4)   Its conclusion that the ALJ considered Dobbins' ability to sustain work activity during a full, eight-hour workday and that the ALJ adequately explained how he determined that Dobbins would be off task for ten percent of the workday;

(5)   Its conclusion that the ALJ explained how he weighed the opinion of Bruce Sellars, Psy.D., that the plaintiff could perform simple, repetitive tasks,

but found Dr. Sellars' opinions about stress tolerance and job reliability speculative;

(6) Its purported disregard of the ALJ's failure to consider the plaintiff's complaints as evidence in support of Dr. Sellars' opinions about stress tolerance and job reliability; and

(7) Its conclusion that the ALJ adequately explained how he addressed the plaintiff's moderate limitations in interacting with others and why the evidence did not translate to a limitation beyond what the RFC imposed.

The plaintiff raised the same or similar arguments in his earlier objections to the ALJ's assessment, which I find that the magistrate judge thoroughly considered. I further agree with the magistrate judge's conclusion that *Mascio* is distinguishable from this case. In that case, the ALJ failed to consider inconsistencies in the record or explain how he arrived at his conclusions about RFC. *Mascio*, 780 F.3d at 636. Here, the ALJ provided a detailed overview of all Dobbins' claims and the objective medical evidence, noting any weaknesses or inconsistencies, and he specifically addressed how he weighed the evidence. Thus, unlike *Mascio*, I am not left guessing how the ALJ arrived at his conclusions.

### B. Physical Impairments.

Regarding the assessment of his physical impairments, the plaintiff objects specifically to following aspects of the Report:

> (1) Its conclusion that substantial evidence supports the physical RFC determination and that the ALJ provided an adequate explanation of the RFC, with sufficient information to allow meaningful review; and
>
> (2) Its purported disregard of the ALJ's failure to explain how a limitation to sedentary work accommodates the plaintiff's physical impairments, namely dizziness and pain symptoms that can persist even while seated.

The plaintiff raised the same or similar arguments in his earlier objections to the ALJ's assessment, which I find that the magistrate judge thoroughly addressed. I find that the ALJ adequately addressed why a limitation to sedentary work was sufficient and explained how Dobbins' claims were inconsistent with the medical facts, thus concluding that he was overstating the severity of his symptoms.

### C. Subjective Complaints & Third-Party Function Reports.

Finally, regarding his subjective complaints and third-party function reports, the plaintiff makes the following specific objections to the Report:

> (1) Its conclusion that that ALJ properly discounted the plaintiff's subjective complaints and third-party function reports; and
>
> (2) Its conclusion that this case is distinguishable from *Arakas v. Commissioner*, 983 F.3d 83 (4th Cir. 2020).

Likewise, I find that the plaintiff raised the same or similar arguments in earlier his objections to the ALJ's assessment. I further agree with the magistrate

judge's conclusion that *Arakas* is not applicable to this case. In *Arakas*, the Fourth Circuit held that the ALJ improperly increased a claimant's burden of proof by "effectively requiring her subjective descriptions of her symptoms [of fibromyalgia] be supported by objective medical evidence." 983 F.3d at 96. The magistrate judge concluded that this case was distinguishable because Dobbins "does not have fibromyalgia and that ALJ relies on objective medical findings that contradict his allegations." R. & R. 16, ECF No. 23.

While Dobbins' diagnosis alone would not make it inapplicable, I agree that *Arakas* concerned circumstances where the ALJ gave no weight to a claimant's subjective claims based on the *lack* of supporting medical evidence in the record. But here, the ALJ considered both Dobbins' claims and the objective medical evidence and determined little weight should be given to Dobbins' claims based on inconsistencies. No where does the ALJ conclude there was an absence of medical evidence or that that is the reason why he discredited Dobbins' complaints.

In sum, based on my careful consideration of these objections, the record, and the argument of counsel, I agree with the magistrate judge that substantial evidence supports the ALJ's findings and the ALJ's decision was in accord with relevant case precedent.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objection, ECF No. 24, is DENIED;

2. The magistrate judge's Report and Recommendation, ECF No. 23, is fully ACCEPTED; and

3. Plaintiff's Motion for Summary Judgment, ECF No. 16, is DENIED; and

4. Defendant's Motion for Summary Judgment, ECF No. 21, is GRANTED.

A separate final judgment will be entered herewith.

ENTER: January 31, 2022

/s/ JAMES P. JONES
Senior United States District Judge